## THOMPSON and others, superintendents of the poor of Franklin county, vs. SMITH.

In order to render the expense of maintaining all the poor of a county a county charge, pursuant to 2 *R. S.* 620, § 24, the board of supervisors must not only determine to abolish the distinction between county and town poor, *but must file such determination with the county clerk.*

Until such determination be filed the duties of the officers arising out of such change in the poor system do not attach.

Consequently, in an action against a member of the board of excise to recover a penalty for not paying the license money to the county treasurer, the filing of such determination must be proved or the plaintiff cannot recover.

Such filing cannot be proved by parol unless it be first shown that primary evidence cannot be obtained.

The *service* of the resolution of the board of supervisors on the *town clerks*, is not essential to effect a change of system, the provision respecting such service being only directory.

ERROR to the Franklin C. P. Thompson and the other plaintiffs in error, as superintendents of the poor, sued Smith, the late supervisor of the town of Chateaugay, before a justice of the peace for a penalty of $50 for an alleged violation of the statute which requires the commissioners of excise, of which the supervisor is one, to pay over all monies received by them for licenses to the county treasurer. The provision is limited to those counties in which "the supervisors shall have determined to abolish the distinction between town and county poor;" and a penalty of $50 is imposed upon any commissioner of excise who shall neglect to make such payment, to be recovered in the name of the superintendents of the poor of the county. (1 *R. S.* 619, § 19.)

The plaintiffs having recovered before the justice, the cause was tried on appeal in the common pleas in April, 1845. The plaintiffs proved a resolution of the board of supervisors of the county passed at the annual meeting in November, 1830, as follows: "Resolved, that the distinction between town and county poor in the county of Franklin be and is hereby abolished." It was not shown that this resolution had been filed with the county clerk. The defendant was proved to have

been the supervisor of Chateaugay in the years 1842 and 1843, and the plaintiffs showed that in December, 1842, he paid to the treasurer of the county $30 as excise money of that year, and a like sum in May, 1834, for the excise money of 1833, and that these sums were all he had paid. Evidence was then given tending to show that the defendant had received a larger sum than the amount so paid over. The plaintiffs having rested, the court, on the motion of the defendant's counsel, non-suited the plaintiffs, who excepted.

The plaintiffs then asked to give further evidence, and offered to show by parol, that the distinction between town and county poor was in fact abolished in 1830, and that since that time the poor of that county had been a county charge, and that the defendant had himself been a superintendent of the poor two years since 1830, and that during that time all the poor were supported by the county. The defendant's counsel objected to the giving of further evidence and the court would not receive it. The court rendered judgment against the plaintiffs for costs, who brought error.

*J. Hutton*, for the plaintiffs in error.

*A. B. Parmelee*, for the defendant in error.

*By the Court*, BEARDSLEY, J. The distinction between county and town poor is not abolished by the mere passage of a resolution to that effect by the board of supervisors. This is but one step in the progress of the work, to the completion of which another is equally requisite. The statute authorizing the board of supervisors to determine to make this change, declares that " upon their filing such determination, duly certified by the clerk of the board, with the county clerk, the said poor shall be maintained and the expense thereof defrayed in the manner prescribed in the preceding section relative to the counties of Warren, Washington, Saratoga and Genesee." (1 *R. S.* 620, § 24.) This change when duly made, carries with it the abrogation, in most respects, of one legal system for the

Thompson v. Smith.

support of the poor of the county, and effects the substitution of another; and it cannot be effected by any thing short of a substantial compliance with all the requirements of the statute on the subject. For this purpose the board certainly must determine to abolish the distinction: but that alone will not suffice, for it is indispensable that a certified copy of such determination should be filed with the county clerk. Then, and not before, as I read the statute, the change in the pauper system of the county takes place. The filing of this copy is not a matter of indifference which may be performed or omitted without touching the question of the change being made according to the determination of the board. Quite the reverse: it is a vital element in effecting that change, and until the copy has been filed, as required, the pauper system of the county remains wholly unchanged. The copy is to be filed by the board, and not by their clerk. It is not required to be done for the mere purpose of giving publicity to the determination of the board, or to furnish another mode of proving that such determination had been made: but is itself the last act in working out the contemplated change. The statute is express that "*upon*" the copy being filed, the old system shall be abolished and the new one take effect.

By the 25th section, (1 *R. S.* 620,) "when the supervisors of any county shall have determined to abolish the distinction between county poor and town poor, the clerk of the board shall serve a copy of the resolution making such determination, upon the clerk of each town, village or city within such county," and the next section declares that "after such resolution shall be served, it shall be the duty of the commissioners of excise in the several towns" to pay over the excise money to the county treasurer. The sole object of thus serving a copy of the resolution of the board, would seem to be to give greater publicity to the change made in the pauper system of the county, and not to impose a condition precedent to the change taking place. That is complete in all its consequences, although the clerk of the board may omit to perform this duty; and if the commissioners of excise are in any manner notified

of the change, it is their duty to conform to it, although the clerk of the board may have failed in the performance of his duty. As to him the statute is imperative and he may be punished for its violation; but as to all others it is merely directory, for the pauper system of the county is effectually changed whether the clerk may have performed or violated his duty in this respect.

The plaintiffs, therefore, were not bound to prove that the clerk of the board had given due notice to the clerk of the town of Chateaugay, but they were required to show that the pauper system of the county had been legally changed. It was part of their cause of action; for until the change had been so made it was not the defendant's duty to pay the excise money he might receive to the treasurer of the county. (§§. 19, 26.) The passage of the resolution by the board of supervisors was proved, but the plaintiffs went no further, for no evidence of any description was given that a copy had been filed with the county clerk. Parol proof of the fact was not offered, although that in the first instance would have been inadmissible; for the law requires that the best evidence of which the nature of the case is capable, should be produced, and will not receive an inferior species of evidence until it is shown that the higher grade cannot be produced. On this principle parol evidence of a record, a deed, a trading license, an insolvent's discharge, or the like, is not in the first instance admissible. Even parol proof of the explicit admission of the party against whom it is offered, will not in such cases be received as primary evidence: he may have mistaken the contents of the record or other writing, or the witness may misstate what was said. Mere oral evidence of what is in writing, can never be as satisfactory as the writing itself would be. (1 *Phil. Ev.* 217, § 6, *and Cowen & Hill's Notes thereon.*)

No direct evidence was given on the trial of this cause, that a copy of the resolution abolishing the distinction between county and town poor had been filed with the clerk of the county of Franklin; nor was any evidence given tending to that result, except that to establish the official character of the plain-

Thompson *v.* Smith.

tiffs as superintendents of the poor of that county, and the fact that the defendant had on two occasions paid excise money to the county treasurer. These, it must be admitted, would furnish very cogent evidence of the fact, if a foundation had been laid for the admission of the secondary grade of proof. But that foundation had not been laid, and without it the facts referred to proved nothing for this purpose.

The evidence to establish these facts was not offered to prove that the pauper system of the county had been changed, but for purposes deemed to be material for the plaintiffs to establish. No inference against the defendant can therefore arise from his failure to object to this evidence. It was proper for some purposes, and although admitted without objection, that cannot make it effective for another purpose which requires evidence of a different grade and character.

As the plaintiffs failed to prove that the distinction between county and town poor had been legally abolished, the nonsuit was correct.

If the evidence offered and excluded, after the plaintiffs had rested the cause and the court had decided to grant a nonsuit, would have changed the case, still this court cannot interfere. It rested in the discretion of the common pleas to grant or reject the application, and the exercise of that discretion is a matter which cannot be reached by an exception and writ of error.

Judgment affirmed.

**END OF JANUARY TERM.**

# DECISIONS OF CASES

ARGUED AT THE

# SPECIAL TERM,