BRADLEY and WARD, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.

---

PATRICK CONLY, Respondent, *v.* CHARLES C. CLAY, Appellant.

*Exemption from toll — action to recover a penalty — no presumption indulged in, to sustain it.*

Where an action is brought to recover a statutory penalty an appellate court is not at liberty to indulge in any presumptions in order to sustain the judgment.
Where a person claims exemption from the payment of toll upon a plank road under section 130, chapter 566, Laws of 1890, he must establish not only the fact that he "lived within one mile of the gate by the most usually traveled road," but, also, that at the time when toll was exacted of him he was "not engaged in the transportation of other persons or property."

APPEAL by the defendant, Charles C. Clay, from a judgment of the County Court of Erie county, entered in the office of the clerk of the county of Erie on the 27th day of March, 1893, upon the decision of the court affirming the judgment of a justice of the peace.

*Frank R. Whaley*, for the appellant.

*William H. Clark*, for the respondent.

LEWIS, J. :

The defendant was a toll gatherer on the road of the East Aurora and Spring Brook Plank Road Company, a company incorporated in May, 1885, under the laws of the State of New York. As such toll gatherer the defendant, on three different occasions in the year 1892, required the plaintiff to pay toll as a condition of passing the gate with a team.

The plaintiff, claiming that he was exempt from the payment of toll under section 130 of chapter 566 of the Laws of 1890, entitled " An act in relation to transportation corporations excepting railroads," brought this action against the defendant in a Justice's Court to recover three penalties of five dollars each under section 131 of said act.

He recovered judgment for the three penalties, amounting to fifteen dollars, and the justice's judgment was affirmed in the County Court, and from the judgment of the County Court an appeal was taken to this court.

Section 130 of said act provides that toll shall not be charged or collected at any gate upon a turnpike or plank road of persons living within one mile of the gate, by the most usually traveled road, when they are not engaged in the transportation of other persons or property.

It is provided by section 131 that any toll gatherer who shall demand or receive from any person more toll than he is authorized by law to collect shall forfeit to such person the sum of five dollars for every offense.

The plaintiff was required to prove, before he was entitled to recover penalties under this section, facts bringing himself within the exemptions mentioned in section 130. The plaintiff was the only witness called. He testified that he resided on the East Aurora and Spring Brook plank road; that there was a gate maintained upon the road, which was situated about one-half a mile from his house; the defendant was the toll gatherer; that he had occasion to pass the toll gate on the 6th day of March, 1892; he was on his way with a team to North Star Hotel to see a man about some grape plants.

The defendant's son was at the gate and demanded toll from him. The defendant was in the toll house at the time. Plaintiff stated that he was exempt from paying toll. In reply to a question by the son whether he was going to church, he said he was not. He.

was required to and did pay toll and passed on through the gate. On two other occasions during that month he paid toll at the gate, once to the defendant personally.

This was the substance of the evidence. In this class of actions especially we are not at liberty to indulge in presumptions in order to sustain a judgment.

Plaintiff is asking to recover of the defendant penalties which he claims to be entitled to under a statute, and we must find, in order to sustain this judgment, evidence that he was entitled to drive over this plank road and pass the gate without paying the usual toll which the company was entitled to demand of persons generally who desired to pass through the gate with a team.

The plaintiff was required to show that he lived within one mile of the gate by the most usually traveled road.

It appears by the articles of incorporation of the Plank Road Company that its road is four miles in length, and from the line of its road as described it may be fairly claimed that the plaintiff established that he was living within one mile of the gate by the most usually traveled road, but it was also incumbent upon him to show, in order to be entitled to exemption from paying toll, that he was not engaged at the times in question in the transportation of other persons or of the property of others. There was, perhaps, sufficient evidence to justify the conclusion by the justice, that on the occasion when the plaintiff was going to the North Star Hotel to see a man about some grape plants, he was not engaged in transporting other persons, or the property of others, but there is an absence of any evidence tending to show that on the two other occasions he was not so engaged.

The burden of proof was upon the plaintiff to prove that he was not so engaged, and having failed so to do, he was entitled to recover, at the most, but one penalty.

The judgment of the County Court should be modified by reducing plaintiff's recovery to the sum of five dollars and the costs in the Justice's Court as of the time of its entry in that court; in other respects the judgment of the County Court should be reversed, without costs to either party.

BRADLEY, WARD and DAVY, JJ., concurred.

So ordered.