## The Village of Hardwick *vs.* The Vermont Telephone and Telegraph Co.

October Term, 1897.

Present: Ross, C. J., Tyler, Start and Thompson, JJ.

*V. S. 4229, 4230—Penal Statute—Line of Wires—Notice to Paint and Substitute Poles—Declaration Must Be Particular.*

V. S. 4229 and 4230 require the owner or operator of a line of wires in a village to cause the poles to be kept painted to the satisfaction of the trustees of the village and substitute straight poles for crooked ones,

and provide a forfeiture for neglecting to do either for twenty days after written notice from the trustees requiring it.   Held,

(1)   That the statute is penal;

(2)   That the notice must state the color required by the trustees and the places where substitution should be made;

(3)   That a declaration upon the statute must state with particularity the facts constituting the offense and not merely adopt the words of the statute;

(4)   That an averment that "the defendant had not and did not, on, etc., substitute straight poles for crooked ones then or thereafter erected, but, on the contrary, then and thereafter maintained crooked and unsatisfactory poles," is insufficient upon special demurrer because it does not allege that the poles were poles upon which wires were strung in the plaintiff village.

DEBT UPON V. S. 4230 to recover a forfeiture for not keeping the defendant's poles painted and not substituting straight poles for crooked ones.   Heard upon special demurrer to the declaration at the June Term, 1897, Caledonia County, *Rowell,* J., presiding.   The demurrer was sustained and the declaration adjudged insufficient.

The demurrer assigned the following special causes: (1) because it is not alleged that the defendants had any wires strung upon any crooked poles within the plaintiff village; (2) because it is not alleged that the poles were not suitably painted on the date as to which complaint is made; (3) because it is not alleged that the defendant maintained or strung wires upon poles within said village that were not suitably painted; (4) because it is not alleged that the defendant had strung any wires within the plaintiff village upon crooked poles; (5) because it is not alleged how many poles the defendant maintained within said village; (6) because it is not alleged how many poles the defendant strung its wires upon which were crooked; (7) because it is not alleged that a reasonable time had elapsed for the defendant to paint and change said poles in said village after twenty days from the date as to which complaint is made.

*Albert Perley* and *Dunnett & Slack* for the plaintiff.

*S. C. Shurtleff* for the defendant.

TYLER, J.   V. S. 4229 requires that a person or corporation owning or operating a line of wires in a city or village shall cause the poles upon which the wires are strung to be kept suitably painted to the satisfaction of the aldermen of the city or the trustees of the village, and substitute straight poles for crooked ones.   The next section provides that a person or corporation neglecting or refusing to paint such poles or make such substitution, after a prescribed notice has been given, shall forfeit one hundred dollars to such city or village, to be recoverable in an action upon the statute.

This is a penal statute and must be construed according to the intention of the legislature as discovered by the import of the words used.   *Ellis* v. *Hull*, 2 Aik. 41.   It is not sufficient that the declaration follows the precise terms of the statute; it must set forth the cause of action according to the legal meaning thereof.

The provisions of §§ 4229 and 4230 apply to all cities and villages where telephone and telegraph wires are maintained, and it is to be presumed that the legislature intended that a notice from the aldermen or trustees should indicate by streets or other localities where a substitution of poles. should be made, and also direct what color they should be painted, inasmuch as the statute requires that they shall be painted to the satisfaction of such aldermen or trustees.

An offense under the statute was not committed by the defendant's maintaining unpainted and crooked poles, but by neglecting to do certain things within twenty days after notice to do them; and it follows that the notice should state specifically what was required.   It is not alleged in the declaration that such notice was given, but that notice was given to the defendant to paint the poles in the village and substitute straight poles for crooked ones.   As the statute does not prescribe the form of action, the declaration should set forth with particularity the facts upon which the plaintiff relies to constitute the offense.   *Bigelow* v. *Johnson*,

13 Johns. 428.

The averment that "the defendant had not and did not, on, etc., substitute straight poles for crooked ones then or thereafter erected, but, on the contrary, then and thereafter maintained crooked and unsatisfactory poles," is not a sufficient averment that the crooked poles were poles upon which wires were strung in the plaintiff village. It is not within the rule of "certainty to a certain intent in general," and is bad on special demurrer.

*Judgment affirmed and cause remanded.*