(23 Misc. Rep. 512.)

ANDREWS v. NORTH RIVER ELECTRIC LIGHT & POWER CO.

(City Court of New York, General Term.   May 10, 1898.)

GAS COMPANY—REFUSAL TO FURNISH LIGHT—PENALTY.

Under Laws 1890, c. 566, § 65, requiring gas and electric light companies, upon application of owners or occupants of buildings, to supply gas or electricity as may be required for lighting the same, under penalty of a specified forfeiture, it is necessary, in order to bind the company, that the application should state what number of lights or how much power is required, especially where, on receiving the application, the company requests such information.

Appeal from trial term.

Action by Walter E. Andrews against the North River Electric Light & Power Company.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and O'DWYER, JJ.

Tierney & Halsey, for appellant.
Charles P. Hallock, for respondent.

FITZSIMONS, C. J.   The defendant is an electric light and power company carrying on business in this city.   The plaintiff, residing at No. 729 Tremont avenue, New York City, opposite which defendant's electric light wires are strung, served on defendant on June 10, 1896, a written notice as follows:   "In compliance with the statutory provision, I hereby demand that you supply me at my office, 729 Tremont avenue, N. Y. City, with electric light and power at once."   On the same day the defendant replied to said communication as follows: "How many lights and how much power do you want?" to which plaintiff never replied either in writing or verbally.   His next move was made on July 11, 1896, when this action was commenced by him.

The statutory provision upon which plaintiff relies herein is section 65 of chapter 566 of the Laws of 1890.   It reads as follows:

"Upon the application, in writing, of the owner or occupant of any building or premises within one hundred feet of any main laid down by any gas light

corporation, or the wires of any electric light corporation, * * * the corporation shall supply gas or electric light as may be required for lighting such building or premises, * * * and if for the space of ten days after such application, and the deposit of a reasonable sum as provided in the next section, if required, the corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which said refusal or neglect shall continue; provided that no such corporation shall be required to lay service pipes or wires for the purpose of supplying gas or electric light to any applicant * * * unless the applicant, if required, shall deposit in advance with the corporation a sum of money sufficient to pay the cost of his portion of the pipe or wire required to be laid, and the expense of laying such portion."

Section 66 of said act reads as follows:

"Every gas light and electric light corporation may require every person to which such corporation shall supply gas or electric light for lighting any building, room or premises to deposit with such corporation a reasonable sum of money according to the number and size of lights used or required, or proposed to be used for two calendar months, by such person, and the quantity of gas and electric light necessary to supply the same as security for the payment of the gas and electric light rent or compensation for gas consumed, or rent of pipe or wire and fixtures, to become due to the corporation, but every corporation shall allow and pay to every such depositor legal interest on the sum deposited for the time his deposit shall remain with the corporation."

Under section 65 it was the duty of the plaintiff to clearly specify in his written application what electric light and power he required for use in his premises, particularly so in this instance because of the letter of defendant to him in response to his notice, requesting him to name the number of lights and power needed. Such request on defendant's part was reasonable and proper, and should have been complied with by plaintiff. Section 65 reads that defendant must furnish all electric light and power required by the applicant, and therefore casts upon him the obligation of naming just what he requires, and no duty rests upon defendant to furnish light and power to any person until such applicant makes such requisition. The justice of this rule, we think, is apparent when we consider the fact that one man may think one light is all he requires, while another man, for lighting the same premises, may think that one hundred are none too many. Besides, for the purpose of permitting defendant to fix the cash deposit which it may require from the applicant under section 66 of the act in question, the number of lights and power required should be named, because how else may the defendant fix such charge. As we view the act under consideration, the plaintiff has failed to establish herein a cause of action against the defendant because of his refusal to furnish in writing, as required by defendant, the number of lights and power required by him in his premises. Until he did so, no duty rested upon defendant to furnish him with light or power. The motion made by defendant's counsel to dismiss the complaint should have been granted.

Judgment reversed, and complaint dismissed, with costs to appellant.

O'DWYER, J., concurs.