The People of the State of New York, Appellant, *v.* Myron
H. Braested, Respondent.

*Adulterated vinegar — evidence to show the adulteration must conform to the statutory
test.*

In an action brought to recover the penalty prescribed for a violation of chapter
338 of the Laws of 1893, which provides that cider vinegar must not have less
than four and one-half per cent of acidity, nor "less than two per centum of
cider vinegar solids on full evaporation over boiling water," a statement of a
chemist, called as a witness, that the sample tested by him contained one and
sixteen one-hundredths per cent of vinegar solids, not accompanied by any
statement that this result was obtained by him "on full evaporation over boil-
ing water," is not sufficient to show an application of the test required by law
to be made in order to establish a violation of the statute.

Appeal by the plaintiff, The People of the State of New York,
from a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of Westchester on
the 3d day of January, 1898, upon the verdict of a jury, and also
from an order entered in said clerk's office on the 17th day of
December, 1897, denying the plaintiff's motion for a new trial
made upon the minutes.

*William Bell Wait, Jr.* [*Henry C. White* with him on the
brief], for the appellant.

*Isaac N. Mills,* for the respondent.

Woodward, J. :

This action was brought by the Commissioners of Agriculture of
the State of New York for the penalty of $100 prescribed by statute
for a violation of chapter 338 of the Laws of 1893, known as the
Agricultural Law. Section 50 of this law provides the standard for
vinegar as follows : "All vinegar which contains any proportion of
lead, copper, sulphuric acid or other ingredients injurious to health,
or any artificial coloring matter, or which has not an acidity equiva-
lent to the presence of at least four and one-half per centum, by
weight, of absolute acetic acid, or cider vinegar which has less than
such an amount of acidity, or less than two per centum of cider
vinegar solids on full evaporation over boiling water, shall be deemed

adulterated. The term cider vinegar, when used in this article, means vinegar made exclusively from pure apple juice." Section 51 provides that: "No person shall manufacture for sale, keep for sale or offer for sale: 1. Any adulterated vinegar. 2. Any vinegar or product in imitation or semblance of cider vinegar which is not cider vinegar. 3. As or for cider vinegar any vinegar or product which is not cider vinegar."

The evidence tended to show that Henry S. Ambler, an Assistant Commissioner of Agriculture, entered the store of the defendant during his absence, and, in company with Roderick H. Palmer, a co-worker, asked the clerk who was in charge if they kept cider vinegar to sell. On being informed that they did, he asked to be shown some of the same. The clerk showed some vinegar, which was tested by the implements carried by them, and it appearing that the test was below the requirement, samples of the vinegar were taken, placed in bottles and sealed, and one of them given to the clerk, while the other was sent to Edward J. Wheeler, the chemist of the department. Mr. Wheeler testifies that his examination developed four and ninety-nine one-hundredths per cent of acidity, or nearly one-half of one per cent above the requirement, while the solids showed only one and sixteen one-hundredths, the requirement being two per cent.

On the part of the defendant it was shown that there was some vinegar in the store which was making, and which was not being offered for sale, and the only evidence to show that the vinegar which was tested was the vinegar which was being offered for sale was that furnished by Ambler, on being recalled, after the argument of a motion to dismiss the complaint on the ground that it had not been shown that the vinegar was being offered for sale. On being asked why he did not state this when he was on the stand before, he replied: "Because I was told to answer nothing but what was questioned me."

The question was submitted to the jury, without exception on the part of the plaintiff, and resulted in a verdict for the defendant. The motion to set aside the verdict and to grant a new trial was denied, and the plaintiff appeals to this court to reverse the order on the ground that the plaintiff's evidence as to the adulteration of the vinegar being uncontradicted, the jury had no discretion in the

matter, but was bound to return a verdict for the plaintiff for the amount of the penalty. We are of opinion that the order of the trial court should be sustained. This is a *quasi* criminal proceeding under the statute, and it is necessary for the plaintiff to show clearly that the provisions of the statute have been violated, and where there is a conflict of evidence there can be no reasonable doubt of the right of the jury to determine whether the facts have been established. But should it be conceded that the vinegar tested was taken from the barrel containing the alleged cider vinegar which was being offered for sale, there would still be presented the question whether the evidence in this case established the right of the plaintiff to recover. The statute provides that in the matter of cider vinegar it must have not less than four and five-tenths per cent of acidity, " or less than two per centum of cider vinegar solids on full evaporation over boiling water." The statute thus fixes the manner of determining the amount of cider vinegar solids, and the mere statement of the chemist that this sample contained $1\frac{16}{100}$ per centum of solids, without stating that this was " on full evaporation over boiling water," did not comply with the requirements of the law. As this was the only defect in the analyses of the vinegar, it was absolutely essential to show that the fact of such discrepancy was found in the manner prescribed by law, and a failure on the part of the plaintiff to furnish this evidence is sufficient at least to justify the court in refusing to disturb the finding of the jury or the order of the court below. It may be, of course, that some other test would answer the practical purpose just as well; it may be that the chemist made use of the test indicated by the statute, but nothing of the kind appears in the evidence, and in a *quasi* criminal case there is no justification for assuming anything which does not appear in the evidence, and which takes from the defendant any presumption of innocence. The statute is to be construed closely because it is in derogation of the common-law right of the individual to have on sale vinegar of any standard which he may please, which is not shown to be detrimental to the public health.

The judgment and order appealed from are affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Judgment and order affirmed, with costs.