[Sac. No. 831.   Department Two. — March 13, 1901.]

## WILLIAM M. SMITH, Appellant, v. CAPITAL GAS COMPANY, Respondent.

GAS COMPANIES — RENT FOR METER — ACTION FOR LIQUIDATED DAMAGES. — An action is not sustainable against a gas company supplying a city with gas, to recover liquidated damages for failure to supply the occupant of a building with gas, under section 629 of the Civil Code, where it appears that the gas company notified the plaintiff of its readiness to supply the plaintiff with gas, if plaintiff would furnish a meter, or agree to pay fifty cents per month as rent for a meter, and that such rent was fair and equitable under the circumstances of the case.

ID. — RIGHTS OF GAS COMPANY — COMPENSATION FOR METERS — ABSENCE OF FIXED RULE — UNIQUE CASE. — A gas company has the right, ordinarily, to charge rent for meters. But, although the company may ordinarily receive compensation for the meter from the return of the gas consumed, and has no fixed rule requiring specific

CXXXII. Cal.—14

rental for meters, it may, in a unique case, require such rental, where the value of the gas consumed for the previous year was not equal to a sixth part of the annual expense of the meter.

ID. — DEMAND NOT SPECIFYING AMOUNT OF GAS NEEDED — PREVIOUS HABIT. — Where the demand did not specify the amount of gas needed, or that more gas would be required than the occupant of the house had been in the habit of using, the gas company was justified in assuming that no more was required under the demand.

ID. — DISCRIMINATION — PLEADING — BURDEN OF PROOF. — If plaintiff's case was unique, there was no discrimination against him; and if other consumers of gas were found in the same category, and any discrimination existed, it devolved upon the plaintiff to allege and prove it.

ID. — LIABILITY TO PENALTY — AFFIRMATIVE SHOWING. — To render one liable to a penalty, every material fact necessary to bring the case within the statute must be affirmatively shown.

APPEAL from a judgment of the Superior Court of Sacramento County. Matt F. Johnson, Judge.

The facts are stated in the opinion.

Catlin, Shinn & Catlin, Shinn & Catlin, and A. L. Shinn, for Appellant.

A gas company is a corporation of a public nature, and must supply gas under regulations which are uniform and certain. (*Owenboro Gaslight Co.* v. *Hildebrand*, 42 S. W. Rep. 351; *Hangen* v. *Albani Light etc. Co.*, 21 Or. 411; *Bath Gaslight Co.* v. *Claffy*, 26 N. Y. Supp. 287; *Portland Natural Gas etc. Co.* v. *State*, 135 Ind. 54; *Coy* v. *Indianapolis Gas Co.*, 146 Ind. 655.) The offer to supply gas upon conditions was a waiver of the sufficiency of the demand. (Civ. Code, secs. 1501, 1639; Code Civ. Proc., sec. 2076; 5 Am. & Eng. Ency. of Law, 528; *Shepard* v. *Milwaukee Gaslight Co.*, 6 Wis. 526–539; *Shepard* v. *Milwaukee Gaslight Co.*, 11 Wis. 234; *Shepard* v. *Milwaukee Gaslight Co.*, 15 Wis. 318;[1] *Jones* v. *Rochester Gas Light Co.*, 7 App. Div. (N.Y.) 465; *Embden* v. *Augusta*, 12 Mass. 307; *Shutesbury* v. *Oxford*, 16 Mass. 102.) It being the uniform custom of the gas company to furnish meters without rent, it was its duty to furnish a meter to plaintiff without rent. (*Louisville Gas Co.* v. *Dulaney*, 100 Ky. 405; *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286;[2] *Red Star etc. Co.* v. *Jersey City*, 45 N. J. L. 246; *Capital Gas etc. Co.* v. *Gaines*, 20

---

[1] 82 Am. Dec. 679.          [2] 16 Am. St. Rep. 116.

Ky. Law Rep. 146; 449 S. W. Rep. 462; *Chouteau* v. *St. Louis Gas Co.*, 47 Mo. App. 326; *Sheffield Water Works* v. *Carter*, L. R. 8 Q. B. Div. 632.)    Section 632 of the Civil Code recognizes meter rent only where it is "provided by his contract."    There is no contract in this case.

Devlin & Devlin, for Respondent.

Penalties and forfeitures are not favored, and the party claiming the same must bring the case clearly and strictly within the statute.    (*Askew* v. *Ebberts*, 22 Cal. 263; *Irvine* v. *McKeon*, 23 Cal. 472; *Moore* v. *Lent*, 81 Cal. 502; *Bird* v. *Dennison*, 7 Cal. 297; *Thurn* v. *Alta Tel. Co.*, 15 Cal. 472; *Schallert-Ganahl Lumber Company* v. *Neal*, 91 Cal. 362; *Savings and Loan Society* v. *McKoon*, 120 Cal. 177; *McDonald* v. *Hearst*, 95 Fed. Rep. 656; *Conly* v. *Clay*, 90 Hun, 20.)    Plaintiff's demand was insufficient to show the amount of gas "required" for the building, under the terms of section 629 of the Civil Code. The amount "required" must be stated, and the notice was insufficient upon which to found a penalty.    (*Andrews* v. *North River Electric L. & P. Co.*, 51 N. Y. Supp. 872; *Village of Hardwick* v. *Vermont etc. Co.*, 70 Vt. 180; 40 Atl. Rep. 169.)

SMITH, C.—The suit was brought to recover of the defendant liquidated damages,—amounting to thirteen hundred dollars,—alleged to be due under the provisions of section 629 of the Civil Code, for refusal to furnish gas to the plaintiff.    The judgment was for the defendant, and the plaintiff appeals.    The provision of the code in question is, that, "upon the application, in writing, of the owner or occupant of any building or premises distant not more than one hundred feet from any main of the corporation, . . . the corporation must supply gas as required for such building or premises," etc.; and further, that "if, for the space of ten days after such application, the corporation refuses or neglects to supply the gas required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars a day as liquidated damages for every day such refusal or neglect continues thereafter."    The case as presented by the findings is as follows:—

The defendant is a corporation engaged in supplying the city of Sacramento with gas, and the plaintiff is an occupant of premises within a hundred feet of one of its mains.    September 22, 1898, the plaintiff served on the defendant a written

notice, which (omitting date, address, and signature) was as follows: "You will please immediately supply me with gas for the premises occupied by me," etc. (describing them). The defendant, in reply, within ten days thereafter, "notified plaintiff that it would supply plaintiff with gas for said building and premises, if plaintiff would furnish a meter, or agree to pay defendant fifty cents per month as rent for a meter," and "plaintiff refused to furnish a meter, or to pay said rent to the defendant." The rent demanded was found by the court to be "fair and equitable," representing the monthly cost of the meter to the defendant, for care, labor, interest on investment, etc. But it is found that the defendant had no rule requiring payment of rent for meters, nor did it charge its other customers therefor. The defendant, it seems, had, prior to September 8, 1898, been supplying plaintiff with gas; but the plaintiff, during the year preceding that date, had used electrical lights mainly and almost exclusively, and the total amount of gas used on the premises amounted only to the value of $1.75; and the defendant, on that date, had removed the meter, thereby depriving the plaintiff of gas. It is found—in a passage following the statement of the above facts, and the written notice—that "said gas" was and is necessary for the plaintiff's use on the premises in question. But—unless this expression be construed as referring to the gas used prior to September 8, 1898—it does not appear how much or what gas was needed.

There can be no doubt, I think, of the right of gas companies, ordinarily, to charge rent for meters. (Civ. Code, sec. 632; *Sheward* v. *Citizens' Water Co.*, 90 Cal. 641.) But the point is made by the appellant, that, in charging him with such rent, when other consumers were not required to pay it, "the defendant arbitrarily discriminated against the plaintiff." But I do not think this is the case. Ordinarily, compensation for the meter is received from the return for the gas consumed. But here the value of the gas consumed during the year preceding the removal of the meter was not equal to a sixth part of the annual expense of the meter. The plaintiff's written demand did not specify, even in a general way, the amount of gas required, or even that he required more gas than he had been in the habit of using (*Andrews* v. *North River etc. Co.*, 51 N. Y. Supp. 872); and the defendant was quite justified in supposing that he required no more. (Code Civ. Proc., sec. 1963; 1 Greenleaf on Evidence, sec. 41.) A "state of mind once

proved to exist [is] presumed to remain such. until the contrary appears." (1 Greenleaf on Evidence, sec. 42.) The case, therefore, stands as though the plaintiff's demand had been simply for the restoration of the *status quo*,—i. e., for the use of the quantity of gas he had been using. The plaintiff's case was therefore altogether exceptional, and, we may assume, unique. For there is neither finding nor allegation that there were any others in the same category; and if none, then there was no discrimination; and if there were any such, it devolved on the plaintiff to allege and to prove it; for to render one liable for a penalty, every material fact necessary to bring the case within the statute must be affirmatively shown. (*Conly* v. *Clay*, 90 Hun, 20; *Village of Hardwick* v. *Vermont T. and T. Co.*, 70 Vt. 180; 40 Atl. Rep. 169.) The defendant was justified, then, in notifying the plaintiff that he would be charged with rent for the meter, if supplied by the company; and the plaintiff's refusal to agree to this was its sufficient justification in refusing to furnish gas.

I advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.       McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.