TOWN OF GREECE v. VICK.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

HIGHWAYS—TAXES—ENFORCEMENT—PENALTIES—PROOF.

Highway Law, Laws 1890, p. 1188, c. 568, § 51, as amended by Laws 1895, p. 236, c. 386, § 51, and Laws 1900, p. 77, c. 25, authorizes the electors of a town to change the system of taxation for working highways from the labor plan to the money system, and section 65 (p. 1189), as amended by Laws 1902, p. 645, c. 242, declares that in towns in which the money system has been adopted any person who is taxed a poll tax for highway purposes as provided in section 53. and who does not pay such tax in the manner and at the time prescribed by law, shall be liable to a penalty recoverable by action by the overseer of highways. *Held*, that an action to recover penalties for a failure to pay poll taxes under such act was not maintainable, in the absence of proof that the town had changed from the labor to the money system.

McLennan, P. J., dissenting.

Appeal from Monroe County Court.

Action by the town of Greece against Henry H. Vick. From a judgment of the county court reversing a judgment of a justice of the town of Greece, plaintiff appeals. Affirmed.

This action was commenced in Justice's Court of the town of Greece, Monroe county, in the name of the town and at the instance of John Slater, its commissioner of highways, to recover of the defendant the penalty allowed by law on the nonpayment of his poll tax. On

the trial had in Justice's Court, a judgment in favor of the plaintiff was rendered, and upon appeal thereform to the county court said judgment was reversed on the ground that the justice had no jurisdiction of the subject-matter.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Arthur Warren, for appellant.
J. P. O'Connor, for respondent.

SPRING, J. By section 51 of the highway law (Laws 1890, p. 1188, c. 568), as amended by section 51, c. 386, p. 236, Laws 1895, and chapter 25, p. 77, Laws 1900, the electors of a town may change the system of taxation for working the highways from the labor plan, long in vogue, to the money system. When this has been accomplished, the method of raising the tax is prescribed in section 53 of this law, and the assessors are required to place on the assessment roll the names of all persons liable to poll tax, and "the board of supervisors are directed to levy a tax of one dollar on each person liable to poll tax as thus indicated." Section 53. By section 65 of this law, as amended by chapter 242, p. 645, Laws 1902, it is provided:

"In those towns in which the money system of taxation has been adopted, any person who is taxed a poll tax for highway purposes as provided in section fifty-three of this chapter, and who does not pay such tax in the manner and at the time prescribed by law, shall be liable to a penalty of five dollars."

The penalties "may be recovered" by action by the overseer of the highways, or in towns where there is no such overseer by the commissioner of highways of the town, and the penalties recovered are to be expended "by the overseer or commissioner in the same manner as commutation money"; and the action is probably also maintainable in the name of the town in pursuance of section 182 of the town law (Laws 1890, p. 1237, c. 569). It will be observed, before the defendant can be made liable for the penalty in failing to pay the poll tax assessed against him, the town must have first changed to the money system. The record on the present appeal does not show that any proof whatever was given upon that subject. This defect in the proof is distinctly raised by the defendant in the tenth ground of his motion for nonsuit, but the plaintiff even then omitted to supply the necessary proof, which it is fair to assume may have existed. I think this defect is fatal to the plaintiff's case. Thompson v. Smith, 2 Denio, 177; Baldwin v. McArthur, 17 Barb. 414. The action is to recover a penalty five times as large as the liability, if any existed, and the plaintiff must clearly establish a violation of the statute by the defendant. The People v. Braested, 30 App. Div. 401, 51 N. Y. Supp. 824; People ex rel. Kane v. Sloane, 98 App. Div. 450, 452, 90 N. Y. Supp. 762. The statute is not operative until the change in the system of taxation referred to has been adopted, and that fact is one of the essential elements in the cause of action. No presumptions will be indulged to enable the plaintiff to recover. Conly v. Clay, 90 Hun, 20, 35 N. Y. Supp. 521.

We do not pass upon the question of the jurisdiction of the justice of the peace, or the other questions discussed by the respective counsel.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., who dissents.