[Civ. No. 881.   First Appellate District.—January 12, 1912.]

## HENRY THOMPSON, Appellant, v. SAN FRANCISCO GAS AND ELECTRIC COMPANY, Respondent.

Action for Refusal to Furnish Electricity—Waiver of Objection to Demand—Waiver of Rights Under Law.—In an action for damages for the wrongful refusal of the defendant to furnish electricity for plaintiff's use, where the defendant company made no objection to the form of plaintiff's demand, but presented an application for plaintiff's signature, which was in effect a contract containing several conditions, at least one of which the company conceded it was not entitled to require, it must be held to have waived any objection to the plaintiff's demand, and also to have waived any matters and things it would have been entitled to under the law applicable to such proposed contract.

Id.—Waiver of Right to Insist upon Different Application.—Where the application presented for signature is in an agreement which contains a promise to abide by certain unreasonable and illegal rules and regulations adopted by the company, so that the applicant could not sign the same without being bound by the promise, the company, by presenting the application in that shape, waives the right to insist upon the application in any other form.

Id.—Unconstitutional Amendment to Code as to Penalty Against Corporation as to Electricity—Penalty not an Exclusive Remedy.—Though plaintiff's action appears to be founded on section 629 of the Civil Code, providing for penalties against a corporation for its refusal to furnish electricity as therein provided, and that section as originally enacted in 1872 applied to a refusal of a corporation to furnish gas, and was then constitutional, but was amended in 1905, by repeal and re-enactment, to include the same penalty for refusal of the corporation to furnish electricity, under the new constitution, which provided for electrical transmission lines by any natural person or corporation, and that section as amended failed by oversight to include penalties against a natural person, if it is unconstitutional for that reason, yet an action to recover the penalty is not an exclusive remedy.

Id.—Action for Damages—Refusal of Electricity by Corporation—Cause of Action.—If the defendant which is a *quasi*-public corporation, enjoying the privilege under the constitution of using the public streets of the municipality for the location and maintenance of its conduits and transmission lines, wrongfully refused to furnish the plaintiff with any electricity, the plaintiff had a good cause of action against the defendant, independent of section 629 of the Civil Code, for whatever damages he may have suffered as the result of such refusal.

ID.—IMPROPER DEMURRER TO COMPLAINT—CAUSE OF ACTION FOR ORDI-
NARY DAMAGES.—Notwithstanding the plaintiff has stated a case
within the terms of section 629 of the Civil Code, and if no cause
of action is set forth thereunder, because of its unconstitutionality,
still, where the complaint contains facts sufficient to state a cause
of action for civil or ordinary damages in the sum of $540, by
reasons of defendant's failure to give the service demanded, a de-
murrer to the complaint was improperly sustained, and should
have been overruled.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Henry Thompson, Appellant, *in pro. per.*

William B. Bosley, for Respondent.

LENNON, P. J.—Action for damages for wrongful re-
fusal to furnish electricity to light plaintiff's apartment.

Plaintiff alleges in his complaint that the defendant is a
corporation organized and existing in the state of California
for the purpose of supplying for public use gas and electric
light; that the plaintiff was at all times mentioned in the
complaint the occupant of a certain described apartment in
the city and county of San Francisco, which apartment was
fitted for using electricity, and was situated within the ter-
ritory served by said company with gas and electric illu-
mination.   That in the month of October, 1909, the plaintiff
made an application in writing to the defendant to be sup-
plied with electricity at said apartment, but the defendant
refused to furnish electricity for said apartment unless plain-
tiff would first fill out and sign a certain form of application
(a copy of which is set forth in the complaint), and pay to
the company the sum of $2.50 for installing a meter and
making service connections.   Plaintiff also alleges that at all
times mentioned he was willing, ready and able to pay all
reasonable and proper charges for said electricity, but that he
refused to sign said application, and that defendant declined
to furnish him with the requested current, and has failed and
neglected to do so.   By reason of all of which the plaintiff

alleges that he was damaged in the sum of $540, for which he prays judgment, together with costs.

Defendant filed a general demurrer to the complaint, which, after argument, was sustained by the court, and the plaintiff, declining to amend, judgment was regularly entered thereon in favor of defendant, from which judgment plaintiff prosecutes this appeal.

In support of the correctness of the court's ruling sustaining the demurrer, defendant claims that plaintiff's application to be furnished with electricity was insufficient to impose upon defendant the obligation to do so, in that plaintiff did not offer to pay the legal rate therefor and to abide by all reasonable regulations of the company, nor did he therein or at all specify how much electricity he would require.

To sustain this position the following authorities may be cited: 20 Cyc. 1161; *Hieronymous* v. *Bienville Water Supply Co.*, 131 Ala. 447, [31 South. 31]; *Robbins* v. *Bangor Ry. & Elec. Co.*, 100 Me. 496, [1 L. R. A., N. S., 963, 62 Atl. 136]; *Buffalo County Telephone Co.* v. *Turner*, 82 Neb. 841, [130 Am. St. Rep. 699, 19 L. R. A., N. S., 693, 118 N. W. 1064]; *Williams* v. *Mutual Gas Co.*, 52 Mich. 499, [50 Am. Rep. 266, 18 N. W. 236]; *Smith* v. *Capital Gas Co.*, 132 Cal. 209, [54 L. R. A. 769, 64 Pac. 258]; Ives and Mason on the Control of Public Utilities; *Andrews* v. *N. R. E. L. & P. Co.*, 23 Misc. Rep. 512, [51 N. Y. Supp. 872]; *Shepard* v. *Milwaukee Gas Light Co.*, 15 Wis. 318, [82 Am. Dec. 679].

The company also contends that it was entitled to the amount demanded as compensation for installing an electric meter and for making the necessary service connections with the plaintiff's apartment, citing some of the cases just adverted to. The company, however, made no objection to the form of plaintiff's demand, but presented the plaintiff with an application which was in effect a contract, and told him that unless he signed it the company would refuse to comply with his request. The proposed document contained a great many conditions, one of which at least the company now concedes it was not entitled to require. It must therefore be held that the company waived any objection to the demand by the plaintiff, or to the matters and things which, under the cases cited, the company may have been entitled. This conclusion is supported by authority, and seems to us to be

sound and logical.   In the case of *Shepard* v. *Milwaukee Gas Light Co.*, 15 Wis. 318, [82 Am. Dec. 679], the syllabus correctly states the point decided as follows: "Gas company cannot require person to sign written application for gas, stating the number of burners, etc., which it might otherwise require him to sign, where the application is in an agreement, which contains a promise to abide by certain unreasonable and illegal rules and regulations adopted by the company, so that he could not sign the application without being bound by the promise; and the company, by presenting the application in that shape, waives its right to insist upon the application in any other."

Plaintiff's action appears to be founded on section 629 of the Civil Code, which provides: "Upon the application in writing of the owner or occupant of any building or premises distant not more than one hundred feet from any main, or direct or primary wire, of the corporation, and payment by the applicant of all money due from him, the corporation must supply gas or electricity as required for such building or premises, and cannot refuse on the ground of any indebtedness of any former owner or occupant thereof, unless the applicant has undertaken to pay the same. If, for the space of ten days after such application the corporation refuses or neglects to supply the gas or electricity required, it must pay to the applicant the sum of fifty dollars as liquidated damages and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter."

It will be observed that this section imposes a penalty for failure to comply with its terms on corporations furnishing gas and electricity, and leaves free from such penalty natural persons and copartnerships engaged in the same business who may be guilty of a like omission. Defendant contends that for this reason the statute is repugnant to section 11 of article I of the constitution, which reads: "All laws of a general nature shall have a uniform operation."

The section of the Civil Code in question was enacted in the year 1872 and was based on the statute of 1863 (Stats. 1863, p. 647), at both of which times a discrimination of this nature was not prohibited by the constitution. Much litigation grew out of this section, and it was regarded of course as a valid piece of legislation. But in the year 1905, in

18 Cal. App.—3.

amending this section so as to make its provisions apply to the furnishing of electric current as well as gas, it was repealed and immediately re-enacted, and the legislature omitted, inadvertently no doubt, to preclude all question as to its constitutionality under the provision of the new constitution of 1879 relied on here, by making it apply not only to corporations, but also to individuals and copartnerships engaged in the same business. Under section 19 of article XI of the constitution, any natural person or corporation engaged in the business of furnishing artificial illumination to the public may, in order to do so, use, as therein prescribed, the public streets in any municipal corporation for the purpose of laying or erecting its gas conduits and electrical transmission lines. And it would seem, as argued by defendant, that there is no reason in law or in the nature of things why a natural person or a firm engaged in the business of supplying the public with illumination should not be subject to exactly the same penalties as corporations thus engaged. (*Johnson* v. *Goodyear Mining Co.*, 127 Cal. 4, [78 Am. St. Rep. 17, 47 L. R. A. 338, 59 Pac. 304]; *Gulf etc. R. Co.* v. *Ellis*, 165 U. S. 150, [41 L. Ed. 666, 17 Sup. Ct. Rep. 255]. Compare *Western Union Tel. Co.* v. *Hopkins*, 160 Cal. 106, [116 Pac. 557], decided June 5, 1911.) But the view we have reached on another phase of this case renders a decision of this point unnecessary.

It will be conceded that if the defendant—a *quasi*-public corporation, enjoying the privilege under the constitution of using the public streets of the municipality for the location and maintenance of its conduits and transmission lines— wrongfully refused to furnish the plaintiff with electricity, the plaintiff had a good cause of action against the defendant, independent of section 629 of the Civil Code, for whatever damages he may have suffered as the result of such refusal (20 Cyc. 1163b and 1164); in other words, an action for the penalty provided by statute is not exclusive. (16 Ency. of Pl. & Pr. 244, 283; 20 Ency. of Pl. & Pr. 603; 3 Sutherland on Code Pleading and Practice, sec. 5027; *Pearkes* v. *Freer*, 9 Cal. 642.) See, also, *Indiana Nat. & Ill. Gas Co.* v. *Anthony*, 26 Ind. App. 307, 312, [58 N. E. 868], where, in passing on a similar point, the court said that a city ordinance, providing a penalty for failure of a gas company to supply gas as therein

prescribed, did not interfere with the right of a person to maintain an action on his own behalf for the recovery of such damages as he may have suffered. In the case at bar the plaintiff by appropriate allegations has stated a case within the terms of section 629 of the Civil Code, but if no cause of action is set forth thereunder because of the unconstitutionality of the section, still the demurrer should have been overruled if the complaint contains facts sufficient to constitute a cause of action for what we may call civil or ordinary damages. This we think the complaint does. If section 629 is, as claimed in effect by defendant, to be regarded as though nonexistent, still we find plaintiff alleging in a complaint—good, we think, as against a general demurrer—that he was damaged generally in the sum of $540 by reason of defendant's failure to give the service demanded. The demurrer, therefore, should have been overruled.

The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer to the complaint.

Kerrigan, J., and Hall, J., concurred.