THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. THE DOUGLAS PACKING COMPANY, INC., Defendant.

*Foods and food products — Agricultural Law, § 72 — Farms and Markets Law of 1922, § 209 — misbranded cider vinegar made from pressed juice of evaporated apples and pure water.*

Motion for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, after a trial at the Monroe Special Term in December, 1922. Defendant's exceptions overruled; motion for new trial denied with costs; and judgment ordered upon the verdict directed by the Court. All concur, except Clark, J., who dissents in a memorandum.

CLARK, J. (dissenting): The primary purpose of the statute (Agricultural Law, § 72;* now Farms and Markets Law, § 209†), requiring that containers of

---

* Amd. by Laws of 1916, chap. 125.— [REP.

† See Consol. Laws, chap. 69 (Laws of 1922, chap. 48), § 209.— [REP.

vinegar should be branded as prescribed in the statute, and that no person should mark or brand as or for cider or apple vinegar any package containing that which is not cider or apple vinegar, was to insure to the public an article that was pure, to the end that the health of citizens would be safeguarded.  There is no evidence in this case that the product of defendant, appellant, was not of the finest quality and absolutely pure.  The juice of the apple was obtained by pressing, and I cannot see what possible difference it made whether the pressing was by pressure applied from above or below.  Defendant's vinegar was made from the juice of apples, evaporated of course, but from apples just the same, and the " acidity, solids and ash " of the product " have been derived exclusively from the apples from which it was fermented."*   The vinegar in question was made exclusively from the pressed juice of apples.  It was not pressed in the old fashioned way perhaps, where rotten, wormy and dirty apples and skins and cores were ground up together and the juice pressed out, and vinegar made from it, but it was made from the pressed juice of evaporated apples which retained all the juice of the apple and from which only a portion of the water had been removed by evaporation.  The primary source from which this vinegar came was apples.  The product was in no way adulterated.  It was conceded on the argument by the learned Attorney-General that defendant's product was pure.  By the process of evaporation water had been removed from slices of selected apples by evaporation, and before the product in question had been obtained nothing but water had been added.  It was not river water as was the fact in the case of *People* v. *Niagara Fruit Co.* (75 App. Div. 11), on which respondent relies.  I do not think that case is a controlling authority here.  The juice from which the vinegar was made in that case was extracted from apple cores, skins and small pieces of apples which had been evaporated, and then the evaporated article had been soaked in river water, and coloring matter had been added to make the product look like cider vinegar.  It was of course impure.  Here the product was concededly pure and the only fault the respondent can find is that the packages in which it was shipped were not properly branded.  In other words, respondent claims it should have been plainly stated on the containers that the vinegar was made from evaporated apples.  Respondent is seeking to enforce a statute that is highly penal in its nature, and it should not be construed against the citizen and in favor of the State.  (*People* v. *Briggs,* 193 N. Y. 459; *People* v. *Braested,* 30 App. Div. 401.)   The cider from which this vinegar was made coming exclusively from the juice of apples pressed or forced out as described by the witnesses and carried in solution in the native water of the apple and without the addition of anything but pure water, and the vinegar being absolutely pure, I do not think the statute was violated.  (*People* v. *Heinz Co.,* 90 App. Div. 408.)   To outlaw defendant's fine product made from apples exclusively with no adulteration, and with nothing added except pure water, and for no reason except that the containers were not branded with the statement that the product was made from evaporated apples, strikes me as going too far in construing a penal statute in favor of the State.  If defendant's product had been adulterated in any way, or was in the slightest degree impure, or if it contained any deleterious ingredients,

---

* See Agricultural Law, § 70, as amd. by Laws of 1916, chap. 125; now Farms and Markets Law of 1922, § 207, as amd. by Laws of 1922, chap. 136.— [REP.

a different situation would present itself, but where the product was pure, as in this case, and contained no ingredients that would in any way injure the public health, I do not think the spirit of the statute was violated by failing to have branded on the containers the statement that the vinegar was made from evaporated apples. I, therefore, dissent and vote to reverse the judgment and dismiss the complaint.