NORMAN H. WILLIAMS v. THE MUTUAL GAS COMPANY.

*Gas service—Deposit to secure payment.*

1. A gas company is of a public nature if it exercises its rights by virtue of a state law and local ordinances; and wherever, within its assigned limits, it has connected its mains and service pipes with the pipes and fixtures of individuals it is bound to supply them with gas, on reasonable conditions, when they ask for it.

2. A gas company can require those who wish for gas to give security for the payment therefor, or to deposit a fair sum in advance, as a reasonable condition to supplying them. So *held* where the consumer used about sixty dollars' worth a week, and the company required him to keep one hundred dollars on deposit with them. But the requirement that the consumer should also make a special contract with them would be unnecessary as the law would imply whatever contract was needed.

Error to the Superior Court of Detroit. (Chipman. J.) Jan. 22.—Jan. 29.

CASE. Plaintiff brings error. Affirmed.

*F. A. Baker* for appellant.

*Meddaugh, Driggs & Harmon* for appellee. A gas company is under no legal obligation to furnish gas to consumers : *Hoddesdon Gas & Coke Co. v. Haselwood* 6 C. B. (N. S.) 239 ; *Paterson Gas Co. v. Brady* 3 Dutcher 245 ; *Commonwealth v. Lowell Gas Co.* 12 Allen 75 ; *McCune v. Norwich City Gas Co.* 30 Conn. 521.

SHERWOOD, J. The plaintiff, in the month of November, 1879, resided in Detroit and was in possession of and keeping the hotel known as the Biddle House, containing a very large number of rooms, all of which were furnished with gas-pipes and fixtures for the purpose of lighting the same, and which had been so lighted for many years.

The defendant corporation was duly organized under the Act of the Legislature for the formation of gas-light com-

panies, approved February 12, 1855, and located in Detroit. On the 15th day of November aforesaid the defendant, in pursuance of said Act of the Legislature and the charter and by-laws of Detroit, was and had been for some time previous carrying on the business for which it was organized, supplying the citizens at hotels and private dwellings with gas in such quantities as desired, and among others had connected its pipes with those of the Biddle House, and for some time previous had been supplying it with gas as its proprietors desired. On that day the defendant refused to supply the Biddle House longer unless its proprietor, the plaintiff, would keep on deposit with the company $100. It was receiving at that time about $60 worth of gas per week, and its requirements were increasing.

The plaintiff regarding the demand as unreasonable, declined to make the required deposit, and tendered the defendant $75 and demanded that the company should furnish him gas at the Biddle House to that amount. This the defendant refused to do and cut off the service at the hotel.

The plaintiff claims that it was the defendant's duty to furnish him with the gas required, and upon the terms demanded; that he has suffered great injury to his business in consequence of the defendant's neglect so to do. And he brings his suit in this case to recover his damages. A trial was had in the Superior Court of Detroit, and the judge directed a verdict for the defendant. The plaintiff brings error and the case is now before us on a bill of exceptions containing all the testimony.

The questions presented and argued before the judge of the Superior Court by counsel for defendant were—*First*, the plaintiff could not recover for the reason the defendant was under no legal duty or obligation to supply any citizen of Detroit with gas; and *second*, if such duty was imposed upon the defendant, the conditions upon which the defendant proposed and offered to perform it were reasonable. The court disagreed with defendant's counsel in the first position, but sustained them in the second. I agree with

the judge of the Superior Court that it is the duty of the defendant, upon reasonable conditions, to supply the citizens of Detroit who have their residences and places of business east of the center of Woodward avenue, with gas wherever the defendant has connected its mains and service pipes with the pipes and fixtures used at such residences and places of business and the owners or occupants shall desire the same.

The defendant is a corporation in the enjoyment of certain rights and privileges, under the statutes of the State and charter and by-laws of the city, and derived therefrom. These rights and privileges were granted that corresponding duties and benefits might inure to the citizens when the rights and privileges conferred should be exercised. The benefits are the compensation for the rights conferred and privileges granted, and are more in the nature of convenience than necessity, and the duty of this corporation imposed cannot therefore be well likened to that of the innkeeper or common carrier, but more nearly approximates that of the telegraph, telephone or mill-owner. The company, however, in the discharge of its duty may govern its action by reasonable rules and regulations, and when it has done so all persons dealing with it, as well as the company itself, must yield obedience thereto. The statute under which the defendant company is organized provides it may ordain and enact by-laws for that purpose ; but the record discloses no such action taken on the part of the defendant; neither does it show any general action or custom of the company in making terms with, or for supplying gas to, proprietors of hotels or other persons except as required in this case.

The president of the defendant company was sworn and examined, and testified that the defendant made weekly or monthly collections for gas furnished. He further said that the defendant refused to let the plaintiff have a supply for the Biddle House unless he would first sign a contract with the company therefor, and in addition thereto keep on deposit with the company the sum of one hundred dollars so long as it furnished him with a supply ; that the plaintiff

tendered the defendant $75, and demanded that the company should supply the house and offered to give good personal security for payment and performance on his part to the extent it should be furnished or the company require; and that the company refused to accept the terms proposed by plaintiff, or furnish his house with gas as required.

This corporation is authorized and permitted to do business in Detroit only upon the ground of public convenience, and that benefits may accrue to its citizens.

It is true that neither by the charter of the company, its articles of association, or the by-laws of the city authorizing its existence there, has it the exclusive right to manufacture and sell gas. It is, however, within the experience of us all, and I may say, I think, with great propriety, within the judicial knowledge of the courts, that the manufacture and supply of inflammable gas for the purpose of lighting cities, villages, stores, hotels and dwellings, is not a domestic or family manufacture. It is carried on almost exclusively by public or associated capital, and to make it a paying industry requires the exercise and enjoyment of certain rights and franchises only to be acquired from municipal or state authority. Associations of this kind, as has been well said, "are not like trading and manufacturing corporations, the purview of whose operations is as extensive as commerce itself, and whose productions may be transported from market to market throughout the world." It is not a trading corporation; its product is designed for the citizen, and the extent to which it is used depends upon home consumption in the immediate neighborhood and community in which the manufacture is wrought. It is in the strictest sense a local commodity, and not commercial. It can only be used by consuming it, and hence can have no place with articles of trade. The success of the company greatly depends upon the necessity of the citizens in the vicinity of its location, and its operations may seriously affect the public policy and individual convenience of the community. The nature of the article made, the objects of the company, its relations to the community, and the rights and privileges it must necessarily exercise, give the

company a public character, and, to a certain extent, a monopoly which can never be tolerated, only upon the ground of some corresponding duty to meet the public want. Such duty rests upon this defendant, and I think it requires the company to furnish to this plaintiff, at the Biddle House, the supply of gas demanded, under reasonable rules and regulations, but among all such as might be mentioned, it is with the defendant to adopt and rely upon such as it may select. This is its privilege.

The duty of the company towards the citizen, and that of the citizen towards the company, is somewhat reciprocal, and any rule or regulation or course of dealing between the parties which does not secure the just rights of both ought not to be adopted, and cannot receive the sanction of the courts.

When the defendant company made the connection of its service pipes and mains with the pipes and fixtures of the Biddle House, it imposed upon itself the duty to supply the house and premises upon reasonable terms and conditions with such amount of gas as the owner or proprietor might require for its use, and pay for, so long as the company should exist and do business.

If the defendant, as one of such conditions, required the plaintiff to give sufficient security that he would make such payment and perform such conditions, before making such service, I think it would have been reasonable, but in the place of such security the defendant demanded a deposit of money with the company, as had been its custom. This the company had a right to do. The condition was a reasonable one. The requirement of a special contract between the parties, in addition to the deposit of money, may not be unreasonable, still it was quite unnecessary. The law implies all the contract needed, and courts will enforce it in all cases to the extent necessary to secure the rights of the parties.

I think the judgment of the Superior Court should be affirmed.