NATHANIEL W. LADD *vs.* CITY OF BOSTON.

Suffolk.     January 25, 1898. — February 25, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*City — Water Rates — Statute — Equity.*

The owner of a building to which water is furnished by a city, who has been accustomed to have the water measured by a meter and to pay for it under the rules applying to water furnished through meters, cannot maintain a bill in equity against the city to restrain it from removing the meter and compelling him to pay for the water under the rules applying to unmeasured water, which is charged for at an established rate for each fixture through which it is used, and alleging that, if the meter is removed, the plaintiff " will be obliged to pay more than twenty times as much as other water takers pay for the same quantity of water "; and the rights of the parties are not affected by the fact that the plaintiff was using a meter when he put in his fixtures.

BILL IN EQUITY, filed December 31, 1896, alleging the following facts.

The plaintiff is the owner of a building on Pemberton Square in Boston, and the defendant supplies the water to be used therein. The defendant has established, and still continues, fixture rates and meter rates, in accordance with which it requires water takers to pay for the water they use. Many years ago the defendant put a water meter into the building owned by the plaintiff, and has maintained the same there ever since. At the time the meter was put in, the plaintiff, relying upon its continuance, supplied his building very liberally with water fixtures. By the meter rates, the water used in the building amounts to about five dollars each year, but the plaintiff has always paid fifteen dollars per annum, that being the minimum meter rate.

The defendant has recently adopted a policy of removing all meters where it would receive more money from fixture rates, without any regard to the injustice it will work to certain water takers. In accordance with such policy, it now threatens to remove said meter and put the building upon fixture rates, and to shut off the water unless the plaintiff allows it to do so. By fixture rates for all the fixtures in the building in actual use the plaintiff would be required to pay about one hundred and five dollars per annum. The water fixtures in the building cannot be lessened or rearranged without very great expense, and in no way can they be so lessened or rearranged as to make the fixture rate in any sense reasonable for the quantity of water used. The income from the building has largely decreased in the last few years, and is not sufficient to warrant the payment of such excessive water taxation.

The plaintiff has suggested to the defendant that the minimum meter rate be reasonably increased if it be not now large enough to be just to fixture-rate water takers, and he has offered to furnish his own private meter and pay for repairs on the same if he could thereby continue to enjoy meter rates; but this suggestion has been declined, and this offer refused. If the building is placed upon fixture rates, the plaintiff will be obliged to pay more than twenty times as much as other water takers pay for the same quantity of water.

By St. 1895, c. 449, § 13, the defendant's water commissioner, acting for the defendant, has been given power "to sell said waters, or parts thereof, and to fix the rates to be paid therefor by the owner of the premises to which any of said water is furnished, or by the person or persons using any of said water; to furnish and attach meters where he deems it necessary." But by the principles of justice and equity by which the statute ought to be construed, the water commissioner ought "to fix the rates" so that they will be equal, or approximately equal, and not require one water taker to pay more than twenty times as much as another water taker pays for the same quantity of water; and if a meter would prevent such a result, then he ought to deem it necessary to furnish a meter.

If the statute authorizes or permits the water commissioner "to fix the rates" so that one water taker will be required to

pay more than twenty times as much as another water taker pays for the same quantity of water, then the statute is unconstitutional, null, and void, because the Legislature has no power to make or authorize such assessments unless they are equal, or approximately equal.

It is a fraud upon the plaintiff to be obliged to pay more than twenty times as much as other water takers pay for the same quantity of water, especially as he has been misled by the presence of a water meter into supplying his building so very liberally with water fixtures. Many of such water fixtures were not put in until after the meter was attached, and it was not attached as an experiment, but at the earnest solicitation of the plaintiff, to avoid what it was well known to him and to the then water registrar would otherwise be an excessive water taxation. The plaintiff has paid all charges made against him by the defendant to the present time.

The prayer of the bill was that the defendant might be enjoined from shutting off the water from the plaintiff's building, from removing the water meter, and from putting the building upon fixture rates; that it might be decreed that the water supplied by the defendant to the building should be measured by the private water meter of the plaintiff and paid for at meter rates, the water meter to be kept in repair by the defendant at the plaintiff's expense; and that it might be decreed that the defendant should revise its water rates in such a manner that one water taker might not be required to pay more than twenty times as much as another water taker pays for the same quantity of water.

The defendant demurred to the bill, for want of equity.

At the hearing the demurrer was sustained, and, the plaintiff not desiring to amend, the bill was dismissed; and the plaintiff appealed to this court.

*N. W. Ladd,* pro se.

*J. T. Wheelwright,* for the defendant.

KNOWLTON, J. Under the St. of 1895, c. 449, § 13, the water commissioner of the city of Boston, acting for the city, is authorized to take the waters to be used for a water supply and " to sell said waters, or parts thereof, and to fix the rates to be paid therefor by the owner of the premises to which any of said

water is furnished, or by the person or persons using any of said water," etc. The plaintiff is the owner of a building to which water is furnished by said city, and he complains that, while he has been accustomed to have the water measured by a meter, and to pay for it under the rules applying to water furnished through meters, the water commissioner threatens to take out the meter and to compel him to pay for the water under the rules applying to unmeasured water, which is charged for at an established rate for each fixture through which it is used.

The statute above quoted allows the water commissioner " to furnish and attach meters where he deems it necessary." It authorizes him to fix the rates to be paid for water furnished without meters, as well as for that which is measured. It implies that there may be at least two general methods of determining prices, one for water which is measured and one for water which is not measured. It appears by the plaintiff's bill that the method adopted where water is not measured is to establish the price for each fixture of a certain kind at which water is supplied. There is no averment in the bill that this is not a reasonable method, or that the water commissioner has not established uniform rates for all fixtures of a particular kind. There is no averment that the rates established for measured water are not reasonable for water supplied in that manner, nor is it averred that rates for buildings generally, which are charged at a certain price per fixture, are not reasonable as compared with the rates for measured water when the nature of the uses and the methods of furnishing in different places are taken into account. The bill does not show that the plaintiff's building is not of a class in which the charges for water are usually at the established rate per fixture.

Considerable discretion in determining the methods of fixing rates is necessarily given by the statute to the water commissioner. Money must be obtained from water takers to reimburse the city wholly or in part for the expense of furnishing water. An equitable determination of the price to be paid for supplying water does not look alone to the quantity used by each water taker. The nature of the use and the benefit obtained from it, the number of persons who want it for such a use, and the effect of a certain method of determining prices upon the

revenues to be obtained by the city, and upon the interests of property holders, are all to be considered. Under any general and uniform system other than measuring the water, some will pay more per gallon than others.

It appears by the bill that the plaintiff has so arranged fixtures in his building that he and his tenants can obtain the convenience and benefit of having water to use in many places, while the quantity which they want to use in the whole building, paid for at the rate per gallon charged for measured water, would cost only five dollars per year. He has been accustomed to pay fifteen dollars per year, because, however small the quantity used, that is the lowest sum per year for which water will be furnished under the rules through any meter.

The only averment in the bill which tends to show that the charge for his building after the meter is removed will be unreasonable, is that he " will be obliged to pay more than twenty times as much as other water takers pay for the same quantity of water." This means that the arrangement of fixtures in his building is such that, paying by the fixture at the ordinary rate, the aggregate quantity used will be so small as to make the price per gallon twenty times as much as the price paid for measured water where meters are allowed to be used, or the lowest price paid at rates by the fixture where the largest quantities are used through the fixtures. This does not show that charging by the fixture is an improper method. It only shows that the number and arrangement of the fixtures in the plaintiff's building are uneconomical for the owner as compared with a different construction and arrangement of the conveniences for using water in some other buildings.

The rights of the parties are not affected by the fact that the plaintiff was using a meter when he put in his fixtures. He knew that he had no contract for the future with the city in regard to the mode of fixing the price to be paid for water, and it appears that the quantity which he has been using is only about a third of the smallest quantity for which water is ever charged by the gallon, running through a meter.

The bill does not state a case for relief in equity.

*Bill dismissed.*