SHAW STOCKING COMPANY *vs.* CITY OF LOWELL.

Middlesex.    March 16, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Municipal Corporations,* Officers and agents.    *Waterworks.    Lowell.*

Acting under St. 1855, c. 435, §§ 3, 5, the city of Lowell by ordinance vested in its water board the power to conduct the city's waterworks, and, among other things, to "regulate the use of said water, and establish and collect the prices to be paid therefor, and also to do any other acts or things necessary or convenient and proper." In 1907 reasonable means of extinguishing fires were furnished by the public hydrants, but the city had not required and did not purpose to require any payment for water used in private fire service systems for the extinguishment of fires. Its water board however made a regulation requiring the measuring of water from the city's waterworks used in such systems, and the installation by the city, at the owners' expense, of meters to be used for that purpose. The principal objects of the regulation were to prevent the surreptitious or careless withdrawal of water for other purposes, and to check wastage. The water board enforced the regulation gradually, beginning with those who used water most extensively for such private fire service systems. The owner of such a system brought a bill in equity against the city to enjoin the enforcement

of the regulation. *Held*, that the bill must be dismissed, since the regulation was reasonable and was within the powers of the water board, and since the board had not unjustly discriminated against the plaintiff in its enforcement.

BILL IN EQUITY, filed in the Superior Court for the county of Middlesex May 3, 1907, to enjoin the defendant from enforcing a regulation of its water board requiring the installation at the plaintiff's expense of detective meters to measure the water used by it in its private fire service system.

There was a hearing before *King*, J., and the evidence was taken by a commissioner. The judge made a decree dismissing the bill, and, the plaintiff appealing therefrom, reported his findings of facts together with the evidence for consideration by this court.

The facts are stated in the opinion.

*G. Cunningham*, for the plaintiff.

*J. G. Hill*, for the defendant, was not called upon.

SHELDON, J. We see no reason to doubt the authority of the water board of the defendant city to make the regulations here in question. These regulations require that all water supplied from the city's mains to the premises of any water taker for the purposes of a private fire system shall pass through a meter, and that this meter shall be furnished and set by the city at the expense of the owner of the premises served.

Authority to supply water to its citizens was first given to the city of Lowell by St. 1855, c. 435. The third section of this act empowered the city, among other things, to construct and maintain proper aqueducts and pipes, to establish public hydrants, to prescribe the purposes for which they should be used, and to change or discontinue the same ; to distribute the water throughout the city, and to regulate the use of said water, and establish and collect the prices to be paid therefor, and also to do any other acts or things necessary or convenient and proper for carrying out the provisions of the act. Additional statutes have since been passed ; but the power and authority of the city have not been diminished by any of them. See Sts. 1866, c. 200 ; 1869, c. 351 ; 1870, c. 321 ; 1893, c. 412 ; 1895, c. 247.

By chapter 45 of the Revised Ordinances of Lowell, the powers thus given the city have been vested in its water board, in pursuance of the permission given by St. 1855, c. 435, § 5.

The defendant has not required and does not purpose to require in future any payment for water used in extinguishing fires. The principal object of the defendant's water board in requiring fire service pipes to be metered is to prevent the surreptitious or careless withdrawal of water through such pipes for other purposes than the extinguishment of fires; another object is to procure the measurement by meter of all water consumed for any purpose in order to check wastage and to require each taker to pay for the exact quantity of water furnished to him. The requirement is well adapted to aid in accomplishing these objects; and this is none the less so, although its operation sometimes may be circumvented by some fraudulent device. The regulation must be regarded as reasonable, unless some of the plaintiff's specific objections to it can be sustained.

The plaintiff contends that it ought not to be required to pay for the meter to be applied to its private fire service pipes. Its counsel relies upon the decisions in *Red Star Steamship Co.* v. *Jersey City*, 16 Vroom, 246; *Albert* v. *Davis*, 49 Neb. 579; *Smith* v. *Birmingham Water Works Co.* 104 Ala. 315; *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286, 316; and *Sheffield Waterworks Co.* v. *Carter*, 8 Q. B. D. 632. But these cases differ from the case at bar. They generally turned upon the language of the statutes under which they arose, or the provisions of the contracts which were before the courts. In this case, it has been found by the court below, with evident correctness, that the defendant is under no legal obligation, by contract or otherwise, to furnish the plaintiff with water for its private fire service system. Under the present circumstances, we prefer, so far as it is a matter of precedent, to follow the carefully reasoned opinions in *Sheffield Waterworks Co.* v. *Bingham*, 25 Ch. D. 443, in which the earlier case of *Sheffield Waterworks Co.* v. *Carter*, *ubi supra*, is fully discussed; and *State* v. *Gosnell*, 116 Wis. 606, decided in 1903, in which the earlier decisions are reviewed. Both upon principle and authority we are of opinion that under circumstances like those before us it is not unreasonable to require the installation of a meter at the plaintiff's own expense in its private fire service pipes.

Nor can it be said that this regulation imposes any undue burden upon the plaintiff. The defendant has afforded reason-

able means of extinguishing fires by public hydrants; if the plaintiff desires in addition a private system for the protection of its own buildings, it is not unfair for the defendant to impose, as a condition of supplying without other charge water to make this system available, the requirement that the plaintiff shall take this water only through a meter to be put in at the plaintiff's expense. The defendant's duty to supply water at reasonable rates to all takers without discrimination, so far as this duty exists, (see *Merrimack River Savings Bank* v. *Lowell*, 152 Mass. 556, and *Lumbard* v. *Stearns*, 4 Cush. 60,) does not carry with it any obligation to supply water free of charge for the plaintiff's private system of safeguarding its property.

Nor has there been unjust discrimination against the plaintiff in the enforcement of this regulation. The rule is a general one, applicable to all persons who maintain a like private system. That it has been put in force only gradually, beginning with the worst or the most important cases, affords no reason for enjoining its enforcement in any particular case. *Parker* v. *Boston*, 1 Allen, 361. *Ladd* v. *Boston*, 170 Mass. 332. *Wagner* v. *Rock Island*, 146 Ill. 139.

Accordingly, the decree of the Superior Court dismissing the bill must be affirmed; and it is

*So ordered.*