## MUNICIPAL WATER RATES.

Common Pleas Court of Hamilton County.

JOHN C. ROGERS, A TAX-PAYER, v. CITY OF CINCINNATI ET AL.

·        Decided, March, 1913.

*Municipal Corporations—Size of Water Meters a Proper Basis for Fixing Water Rates—Requirement of Cash Deposits in Advance From Water Consumers—Must Not be Discriminatory or Unreasonable—Tax-Payer May Sue to Test Validity of Municipal Water Regulations—Sections 3958 and 4314.*

1. Under Section 3958, General Code, the director of public service of a city owning and operating a water works may require consumers of water who have installed meters to pay a service charge based. upon the size of the meter, as part of the water rent necessary for the maintenance of the plant.
2. The regulation of the director of public service may also require of meter users a cash deposit in advance for a quarterly period.
3. But regulations that require such cash deposit in advance of domestic consumers only, and not of commercial or mercantile consumers, are discriminatory, unreasonable, and an abuse of the discretion vested in the director of public service, and therefore invalid.
4. A tax-payer under Section 4314, General Code, upon refusal of the city solicitor to bring an action to. test the validity of such regulations, may bring an action in his own name.

*Powel Crosley* and *John C. Rogers*, for plaintiff.
*Alfred Bettman*, City Solicitor, contra.

MAY, J.

This is a tax-payer's suit to enjoin the city of Cincinnati, its director of public service and superintendent of water works from requiring consumers of water by meter measurement to deposit in advance an estimated amount to cover quarterly use of water; and also to enjoin them from making a service charge based upon the size of the meter.

The petition sets out the necessary request made by the plaintiff of the city solicitor, to bring this action, and the refusal of the solicitor.

The orders which the plaintiff seeks to enjoin are set out in full in the petition. The material parts of the notice or regulation are as follows:

"All water rents of any description for any commercial or mercantile premises under meter, elevator, or special rates shall be paid monthly or quarterly as the general superintendent of the water works may direct, and shall include the service charge as well as the charge for water rent.

"All bills other than those for commercial or mercantile premises shall be payable quarterly, unless otherwise ordered.

"On all quarterly bills a cash deposit shall be made in advance, based approximately on the average quarterly consumption for the previous year.

"For all meter service within the city limits, the charge for water registered by meter will be seven cents per hundred cubic feet. In addition thereto a service charge shall be paid which will vary according to the size of the connected meter as shown in the following table:

| Size of Meter | Per Month | Per Quarter. |
|---|---|---|
| One-half inch | $ .17 | $ .51 |
| 5-8 inch | .25 | .75 |
| 3-4 inch | .40 | 1.20 |
| 1 inch | .60 | 1.80 |
| 1½ inch | 1.00 | 3.00 |
| 2 inch | 1.25 | 3.75 |
| 3 inch | 1.50 | 4.50 |
| 4 inch | 2.00 | 6.00 |
| 6 inch | 2.50 | 7.50 |

The plaintiff contends that it is beyond the corporate power of the defendants to discriminate in its charges for use of water between its commercial or mercantile and its domestic consumers; that the director of public service, if such discrimination may be made, must make the same and can not delegate his discretion to the superintendent of the water works; that it is beyond the powers of the defendant to demand a cash deposit in advance based on the average consumption during the same period of the previous year, because the same is a mere guess and is inaccurate and is unreasonable; and finally, that the service charge based on the size of the meter is an abuse of corporate power; is oppressive, arbitrary and unreasonable in that such charge does not take into consideration the amount of water consumed, "but is based wholly upon what the consumer may use if he sees fit to use it, and is the same whether he uses no water whatever as when he uses the full capacity of the meter."

The defendants filed both a special demurrer and a general

demurrer to this petition.  By the special demurrer the defendants challenge the right of a tax-payer to maintain this action, claiming that water rents are not taxes and that as the city solicitor represents all users of water he can not bring an action in behalf of some as against others.  The special demurrer is not well taken.

Under Section 4311 (R. S., 1777),

"The city solicitor shall apply in the name of the corporation  *  *  *  for an order of injunction to restrain the misapplication of funds of the corporation or the abuse of its corporate powers."  *  *  *

The Supreme Court in *Elyria Gas & Water Company* v. *City of Elyria,* 57 Ohio St., 374, held:

"The abuse of corporate powers within the purview of Section 1777, R. S. (now 4311, G. C.) includes the unlawful exercise of powers possessed by the corporation, as well as the assumption of power not conferred."

The plaintiff therefore upon refusal of the solicitor to bring an action to test the validity of the powers in reference to water rates sought to be exercised by the city, has the right to maintain this action under Section 4314, General Code (R. S., 1778).

By general demurrer the defendants raise the question whether the petition states facts which show a cause of action. In Ohio a municipality may own and operate a water works; under Section 3956, General Code, the director of public service shall manage and control the water works, furnish the supplies of water and collect water rents.

Under Section 3957, General Code,

"Such director may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works.  Such by-laws and regulations shall have the same validity as ordinances when not repugnant thereto or to the Constitution or laws of the state."

Section 3958, General Code, provides:

"For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner of assessing and collecting the water rents, and unless premises supplied with water."

By virtue of these statutory provisions a wide discretion is vested in the director of public service, both in respect to the manner of assessing and collection the water rents, and unless his regulations are unreasonable in the sense that they are discriminatory, excessive or confiscatory, they will not be set aside.

Two other facts must also be borne in mind; first, a municipality owning and operating a water works, acts in its private or trading capacity rather than in its public or governmental capacity; and second, that the same rule of uniformity in rates does not apply as in the case of taxes.

In the case of *Aller* v. *City of Cincinnati*, 56 Ohio St., 47, involving the constitutionality of the act under which the present water works were built, the court held at page 67:

"Water rents are not, strictly speaking, taxes, and certainly not taxes on property to be regulated under article twelve of the Constitution."

Therefore it follows that as the city furnishes water to its consumers, its director of public service in charge of the waterworks may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management, and may assess and collect from time to time a rent of sufficient amount, in such manner as he deems most equitable, upon the tenements and premises supplied with water.

The question raised is whether the regulations as contained in the order set out in the petition are reasonable. On the argument it was contended by the plaintiff that when a consumer had installed a meter, there could be but one charge for water, that is, by the volume consumed. This is not the law as laid down by the leading authorities. In addition to the charge for consumption there may be an additional charge, known as a service charge, or minimum charge. This point has been expressly decided by the Public Service Commission of Wisconsin in 3 Wisconsin Public Service Commission Reports, 305, 313, 318, and 5 *Ibid*, 84, 766.

So in *Robbins* v. *Bangor Railway & Electric Co.*, 100 Maine, 496, the court held:

"The quantity of water used and cost of individual service are the principal elements for consideration in fixing the charges for a water supply between individual takers or class of takers."

The service charge, as shown by the regulations set out in the petition, is added to the bills of all consumers who use meters. The charge is made in accordance with the size of the meter, and a court can not say that such a classification is unjust, arbitrary, excessive or unreasonable. It is but another method of making a minimum charge, and minimum charges, where they are made alike on all within a certain class, have been upheld. *Cox* v. *Abbeville Furniture Factory*, 75 S. C., 48, at 53.

But it is contended that this service charge is not uniform, *i. e.*, that while seventeen cents per month is charged for one-half inch meter, the same proportion is not kept up as the size of the meter increases; for example, for a one inch meter sixty cents is charged, for a four inch meter two dollars, and for a six inch meter two dollars and a half. In the absence of allegations, however, that this sliding scale which is uniform as to all meters of a like size, is more than the equitable share of every meter user, taking into consideration the cost of maintaining the plant in readiness to serve every consumer, this seeming discrimination can not be held to be so unreasonable, unjust and arbitrary as to justify a court in holding it invalid.

The plaintiff complains that though meters have been installed a cash deposit in advance is demanded of domestic consumers in an amount equal to the consumption of a like period of the previous year. The plaintiff boldly claims that where consumption is measured by meter, no deposit for security or payment in advance can be demanded, because the amount is necessarily uncertain and mere guess work, and more may be exacted than the consumer is called upon to pay. The argument is based upon the tax theory that water rents are taxes, and that while taxes may be payable in advance, nevertheless they must be for a fixed and certain amount; otherwise more is demanded than is legally due.

As has already been pointed out, there is no analogy between the payment of water rent and taxes, especially as far as the rule of uniformity is concerned. *Alter* v. *City of Cincinnati*, 56 Ohio St., 47, at 57.

The case of *City of Mansfield* v. *Humphreys Mfg. Co.*, 82 Ohio St., 216, at page 231, is likewise cited for the proposition. That case merely holds that the city may charge by meter rates and

that if the amount due is not paid, the city may turn off the water; but if the consumer dispute the amount, he must offer to pay what he claims is due, and that pending the hearing to ascertain the true amount, the city will be enjoined from turning off the water. At page 231 Judge Summers does say, that prior to meters coming into use, it was customary to demand payment in advance in accordance with the schedule of rates, but that where meters are used the amount can not be determined in advance. But the court does not hold that a deposit in advance by meter users is illegal.

On the argument it was admitted that nearly sixty per cent. of the cost of supplying water in Cincinnati was incurred before the water entered the pipes leading through the meters. A reasonable deposit for security or payment in advance may be demanded by the city water works department. 40 Cyc., 804; *Hatch* v. *Consumers Co.*, 104 Pac., 670; *Robbins* v. *Bangor Ry., etc., Co.*, 100 Me., 496; *Harbenson* v. *Knoxville Water Co.*, 53 S. W., 993; *Williams* v. *Mutual Gas Co.*, 52 Mich., 499.

It is a well known fact, of which this court will take judicial notice, that prior to the introduction of meters, consumers were compelled to pay six months water rent in advance. In the face of this previous long established custom of six months advance payment a three months cash deposit on all quarterly bills in advance can not be said to be so unreasonable, excessive and arbitrary as to be beyond the powers of the director of public service. "who may assess and collect from time to time a rent of sufficient amount, in such manner as he deems most equitable, on tenements and premises supplied with water."

There remains but one question in this case. Is the director of public service within his powers in permitting commercial or mercantile consumers to pay their meter bills monthly and in requiring all other meter users to pay quarterly and to make a quarterly cash deposit in advance? There can be no doubt that there may be a classification of consumers, *i. e.*, manufacturing, hotels, boarding houses, and residences (40 Cyc., 802, and cases cited). So, a regulation that commercial or mercantile consumers pay monthly and domestic consumers pay quarterly, is reasonable. But, a regulation which requires domestic consumers to make quarterly deposits in advance, without requiring

the commercial or mercantile consumers to make advance deposits, is unreasonable and arbitrary, and is an abuse of the discretion placed in the director of public service. Either all consumers who use meters should be required to make a deposit in advance, or none. There is no reasonable ground for the distinction; therefore, the same is discriminatory and invalid. Otherwise, domestic consumers are paying toward the operating expenses of the water works, and the commercial consumers are getting the benefit of the service without advance payment or security. For this reason the general demurrer of the defendants must be overruled.

As this discrimination between commercial and domestic consumers is illegal and an abuse of corporate power, it is unnecessary to consider the question whether the director of public service had authority to delegate his discretion as to the manner of collecting water rents from commercial or mercantile consumers to the superintendent of water works.