# STATE ex rel. W. J. ARMSTRONG COMPANY v. CITY OF. WASECA and Others.[1]

July 3, 1913.

Nos. 18,196—(24).

**Electricity — municipal plant — duty of city.**

1. A city, which undertakes to furnish electric light and power to the public, is subject to the same duties and obligations and possesses the same rights and privileges as private persons or corporations doing the same class of service.

**Same — selection of appliances.**

2. Such a city is obliged to furnish power to all applicants who pay its proper and reasonable charges therefor. It cannot dictate to consumers what selection of appliances they shall make as between those in common practical use. In this case relator found it necessary or advantageous in his business to use three-phase motors. Such motors are in common practical use. The city could not furnish current for three-phase motors without the use of transformers costing about $80. With such transformers it could do so. It refused to furnish power at all, unless relator would discard his three-phase motors and install one-phase motors to which the city system was adapted. *Held,* the court should require it to do so.

**Same — apportioning cost.**

3. It does not follow that the city must bear the burden of the expense of such transformers. If a particular consumer desires service, which the city can supply only by the installation of transformers at an expense which is substantial and which is not entailed in furnishing power to others, then the consumer who occasions such special expense should bear the burden thereof. The one essential is that, whatever the charge, it must apply to all persons similarly situated, to the end that there shall be no discrimination.

**Same — discrimination.**

4. As to the method of adjustment of such expense, whether by an installation charge, a rental, or an increased rate, the city has a large discretion. Its regulation, if fair and reasonable and free from discrimination, is binding on the applicant for service.

[1] Reported in 142 N. W. 319.

Upon the relation of W. J. Armstrong Co. the district court for Waseca county granted its alternative writ of mandamus requiring defendant city and its water and light board to furnish to relator the electric power required in relator's bottling works, or show cause why it had not done so. The substance of the respondent's return is stated in the opinion. The matter was heard before Childress, J., who made findings and discharged the writ. From the order denying relator's motion for a new trial, it appealed. Reversed and new trial granted.

*Moonan & Moonan,* for appellant.

*P. McGovern,* for respondents.

HALLAM, J.

The city of Waseca owns and operates an electric light and power plant which was installed at public expense for the purpose of furnishing electric light and power to its inhabitants.

Relator, W. J. Armstrong Co., operates a mercantile business in Waseca and, as part of its business, has established and equipped a bottling works, which requires, for its operation, electric power. In order to operate said plant, relator installed two three-phase electric motors with the intention of operating them by electric current to be furnished by the city. Having installed its motors, relator made application to the water and light board, requesting said board to connect its plant with the city system and to furnish electric current and power. Said board refused to do so, on the ground that it could not furnish power to operate relator's three-phase motors without the installation of two transformers. It appears that such transformers would cost, if purchased new, about $80. It further appears that transformers were not in general use in the city. The board advised relator that, if it would install one-phase motors, the city could furnish power without the use of such transformers and would immediately do so.

Relator instituted this mandamus proceeding to compel the city and its water and light board to install the service applied for. The trial court denied the writ. From an order denying a motion for a new trial, relator appeals.

1. In our opinion the water and light board should have given relator electrical power service, and the court should have issued a writ of mandamus requiring it to do so. The city has undertaken to furnish a public utility. It is to be governed in its duties and obligations and in its rights and privileges by the same rules as those which apply to private persons or corporations doing the same class of service. Wiltse v. City of Red Wing, 99 Minn. 255, 109 N. W. 114; Gordon & Ferguson v. Doran, 100 Minn. 343, 111 N. W. 272, 8 L.R.A.(N.S.) 1049; Keever v. City of Mankato, 113 Minn. 55, 62, 63, 129 N. W. 158, 775, 33 L.R.A.(N.S.) 339, 343, Ann. Cas. 1912A, 216.

2. The city is obliged to furnish power to all applicants who shall pay its proper and reasonable charges therefor. It cannot arbitrarily dictate to consumers what appliances they shall use, nor direct what selection they shall make as between appliances in common practical use. The difference in detail between one-phase and three-phase motors is not important. The testimony shows that both one-phase and three-phase motors are in common commercial use by consumers of electric power. Each has its advantages. The three-phase motor is best adapted to certain conditions. One of the defendant's witnesses testified that, if the total power used in any plant came to over three-horse power, he would put in a three-phase motor. If below three-horse power, he would put in one-phase. Mr. Armstrong testified that, while his company proposed to use less than three-horse power to begin with, it expected to use "ten or fifteen horse-power before the year rolls around."

Relator was engaged in a legitimate business. It found it necessary or advantageous to install three-phase motors, as best adapted to the needs of that business. It demanded that power be furnished. It was the duty of the city to furnish such power and to install such appliances as were necessary for that purpose.

3. It does not follow that the city must bear the expense of conforming its appliances to those of relator. A single customer cannot dictate the sort of system the city shall install. The city officers must determine in the exercise of their own best judgment the sort of system best adapted to the needs of the greatest number of consumers. If, then, a particular consumer desires service which the city can

supply only by the installation of transformers at an expense which is substantial and which is not entailed in furnishing power to others, the consumer who occasions such special expense should bear the burden thereof. Any other rule would operate as a discrimination in his favor.

This rule is well sustained by authority. Either the city or a private utility company may require special rates proportioned to the expense of the particular service, (Souther v. City, 187 Mass. 552, 73 N. E. 558, 69 L.R.A. 309;) may exact a minimum charge, (Gould v. Edison, 29 Misc. 241, 60 N. Y. Supp. 559;) may require the installation of meters and other necessary appliances at the consumer's expense, (Shaw v. City, 199 Mass. 118, 85 N. E. 90, 18 L.R.A. (N.S.) 746, 15 Ann. Cas. 377; State v. Gosnell, 116 Wis. 606, 93 N. W. 542, 61 L.R.A. 33; Sheffield Water Works Co. v. Bingham, L. R. 25 Ch. Div. 443;) may exact a meter rental, (Smith v. Capital, 132 Cal. 209, 64 Pac. 258, 54 L.R.A. 769;) or may require a deposit to secure its fair return, (Williams v. Gas Co. 52 Mich. 499, 18 N. W. 236, 50 Am. Rep. 266; Shepard v. Milwaukee, 6 Wis. 539, 548, 70 Am. Dec. 479.) The one essential rule in all such cases is that, whatever the charge, it must apply uniformly to all persons similarly situated, Shaw v. City, supra, to the end that there shall be no discrimination.

4. As to the method of adjustment of such expense, the city has a large discretion, Ladd v. City, 170 Mass. 332, 40 L.R.A. 171. It may no doubt do so, in its discretion, by a first charge as an installation charge, or by a rental, or by an increased rate. We cannot upon this record determine what method should be adopted in this case. This is a matter for the water and light board of the city to regulate, and its regulation is binding, if fair and reasonable and free from discrimination either in favor of or against the applicant. If the board has not yet fixed rates or charges adapted to this class of service, it is its duty to do so. The trial court should have issued a writ of mandamus requiring that respondent city and its water and light board furnish relator the power asked for, on condition of payment by relator of any proper rate or charge to cover expenses which may be incident to such service in excess of that entailed in installing electric

power service for consumers generally, such rate or charge to be made in such reasonable manner as the board shall determine.

Order reversed and new trial granted.