## BLAND v. CITY OF HEARNE.

### No. 1763.

Court of Civil Appeals of Texas. Waco.

June 4, 1936.

Rehearing Denied July 2, 1936.

M. V. Carson, Jr., of Hearne, for appellant.

J. Felton Lane, of Hearne, for appellee.

ALEXANDER, Justice.

J. C. Bland brought this suit against the city of Hearne. It was alleged that said city operated a municipally owned electric light plant, and that from 1928 to the date of the filing of the petition in 1934 the defendant discriminated against plaintiff by charging him a greater rate for current than was charged other consumers similarly situated. The plaintiff set out the amount of excess charges paid each year and sought to recover same. Plaintiff also prayed for an injunction restraining defendant from discontinuing the service and from overcharging him in the future. The trial court sustained a plea of limitation to so much of the action as sought recovery for the excess payments made more than two years prior to the filing of the suit. It was thereupon discovered that the balance of the debt sued for did not amount to as much as $200, the minimum jurisdiction of the district court of Robertson county, and as a consequence the trial court sustained a general demurrer and dismissed the suit. The plaintiff appealed.

The plaintiff alleged that the excess payments were made under a mutual mistake and that he did not discover the mistake, and could not have discovered the same by the exercise of reasonable diligence, until within less than two years prior to the filing of the suit. If this allegation had stood alone, we would be in position to hold that under the pleadings no part of plaintiff's cause of action was barred by limitation. Texas Power & Light Co. v. Hilltop Baking Co. (Tex.Civ.App.) 78 S.W. (2d) 718, 721. But plaintiff, without pleading in the alternative, alleged facts showing that he was at all times cognizant of the fact that he was being overcharged and was making excessive payments for the services rendered. Under these circumstances, the trial court was probably justified in holding that a part of the cause of action was barred by limitation. 33 Tex. Jur. 420.

However, we do not think the court should have dismissed the suit even though the claim for a part of the overcharges was barred by limitation. The plaintiff, in addition to suing for the debt, sought to enjoin the defendant from overcharging him in the future and from discontinuing the service on account of plaintiff's failure to pay the excessive rate charged by defendant. It is unlawful for a public service corporation to discriminate between its consumers. Texas Power & Light Co. v. Hilltop Baking Co. (Tex.Civ. App.) 78 S.W.(2d) 718, par. 3. The same rule applies to municipally owned plants. 20 C.J. p. 337, § 30; State v. Waseca, 122 Minn. 348, 142 N.W. 319, 46 L.R.A. (N.S.) 437. Consequently, plaintiff on a proper showing would be entitled to enjoin the defendant from discriminating against him. The district court of Robertson county was the only court in that county having jurisdiction to grant the writ of injunction. Revised Statutes, art. 199, subd. 85; 24 Tex.Jur. 155. The trial court,

therefore, erred in sustaining the general demurrer and dismissing plaintiff's suit.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.